## IN THE UNITED STATES DISTRICT COUR T
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD LAWSON, JONATHAN  :
JONES, THOMAS FLICK,  :
              Petitioners,  :    1:18-cv-1174
                              :
      v.                   :    Hon. John E. Jones III
                              :
SUPT. GARMAN,          :
              Defendant.  :

## <u>MEMORANDUM</u>

### June 22, 2018

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), filed by Petitioners Howard Lawson ("Lawson"), Johnathan Jones ("Jones") and Thomas Flick ("Flick") (collectively referred to as Petitioners), inmates incarcerated at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania.  Petitioners seek to proceed *in forma pauperis*.  (Doc. 2.) The petition has been given preliminary consideration and, for the reasons discussed below, the Court will dismiss the petition without prejudice.  *See* 28 U.S.C. § 2243; *see also* R. GOVERNING § 2254 CASES R.4.

Petitioners set forth the following "unsanitary/unhealthy shower 'area' conditions":

1.      Exposure to: mold; dripping water; rust; bacteria, "pools" of water.

2.      Unventilated Environment – harbors disease & bacteria.

3.    Shower's [sic] have caused skin rashes, and breathing problems.

4.    Shower "area" has been overlooked, and uninspected.

5.    <u>New</u> <u>shower</u> <u>construction</u> <u>is</u> <u>needed</u>.

6.    <u>Fix</u> the showers, leaks, and replace the <u>moldy</u> <u>light</u>.

(Doc. 1, p. 5) (emphasis in original).  They request that the shower area be cleaned and painted, that the mold and rust-stained lighting fixtures and the shower heads be replaced, and that drainage be added.  (*Id.* at 15).

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate

remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Petitioners do not seek speedier or immediate release from custody or challenge the legality of their incarceration. Rather, they challenge the conditions of their confinement. Because they seek to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to Petitioners' rights to reassert their present claims in individually properly filed civil rights complaint.

An appropriate Order follows.